## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLOS NINO DE RIVERA LAJOUS, ) <br> SECOND AMENDMENT FOUNDATION, ) <br> INC. and NEBRASKA FIREARMS ) <br> OWNERS ASSOCIATION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JON BRUNING, in his official capacity as ) <br> Attorney General of the State of Nebraska, ) <br> and DAVID SANKEY, in his official capacity ) <br> as Superintendent of the Nebraska State ) <br> Patrol, ) <br> ) <br> Defendants. ) | Case No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, CARLOS NINO DE RIVERA LAJOUS (hereinafter "LAJOUS"),

SECOND AMENDMENT FOUNDATION, INC. (hereinafter "SAF") and

NEBRASKA FIREARMS OWNERS ASSOCIATION (hereinafter "NFOA"), by and

through undersigned counsel, as and for their Complaint against Defendants JON

BRUNING, in his official capacity as Attorney General of the State of Nebraska

(hereinafter "BRUNING"), and DAVID SANKEY, in his official capacity as

Superintendent of the Nebraska State Patrol (hereinafter "SANKEY"), allege as

follows:

### INTRODUCTION

1.      This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil

rights under color of law, which seeks equitable, declaratory, and injunctive relief

challenging the State of Nebraska's prohibition on otherwise qualified non-U.S. citizens who legally reside in Nebraska from obtaining a concealed carry permit, pursuant to Nebraska Revised Statute (hereinafter "NRS") § 69-2433(10).

2.     The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

3.     However, the laws of Nebraska completely prohibit resident legal aliens from the concealed carry of guns, in public, for the purpose of self-defense.  In Nebraska, only citizens may have the benefit of an armed defense by concealed carry.

4.     Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment, and the Fourteenth Amendment's equal protection clause, renders the State's ban on non-citizens obtaining a concealed carry permit, unconstitutional.  As the Plaintiffs only seek to be treated the same as law-abiding citizens, the Second Amendment renders a *ban* such as that challenged in this action, impermissible.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendants as they execute, administer and enforce the complained-of

laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

6.      This Court has personal jurisdiction over each of the Defendants because, *inter alia*, they acted under the color of laws, policies, customs, and/or practices of the State of Nebraska and/or within the geographic confines of the State of Nebraska.

7.      Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants execute, administer, and enforce the complained-of laws against Plaintiffs in this District, and because the events and omissions giving rise to this action are harming Plaintiffs in this District, and the State laws were enacted in the State capital in this District.

## **PLAINTIFFS**

8.      Plaintiff LAJOUS is 68 years old, and a citizen of Mexico residing in Lincoln, Nebraska, and who has done so since 1990.  LAJOUS received his permanent resident visa (a/k/a "green card") in 1991, and earned three associate degrees in the applied sciences from Central Community College in Hastings, Nebraska in the early 1990's.  LAJOUS has worked as a machinist for an aviation company in Lincoln for fourteen years.  He also has family in the area.  In sum, he has many solid connections to the State of Nebraska and the Lincoln area.

9.      LAJOUS is allowed to carry a firearm openly in Nebraska, except for locations where doing such is illegal, but does not always wish to do so, and he is prohibited by NRS § 69-2433(10) from obtaining a concealed carry permit, and thus carrying a handgun in a concealed manner for self-defense.

10. LAJOUS would carry a loaded and functional concealed handgun in public for self-defense, but he refrains from doing so because he fears arrest, prosecution, fine, and imprisonment as he understands it is unlawful for a non-citizen to carry a concealed handgun in Nebraska.

11. On or about February 24, 2013, LAJOUS went to the Lincoln office of the Criminal Identification Division ("CID") of the Nebraska State Patrol to complete and submit a concealed carry permit application. Julie Rogers, a Records Technician at the State Patrol's CID, and an employee of same, learned LAJOUS was not an American citizen and would not allow him to even fill out the application, much less submit it. Therefore, LAJOUS's attempt to file a concealed carry permit application was denied.

12. SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes lawfully admitted aliens residing in Nebraska. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

13. Members of SAF who are legal residents yet non-citizens would carry loaded and functional concealed handguns in public for self-defense, but refrain from doing so because they understand it is impossible for a non-citizen to obtain a

concealed carry permit, and thus it is unlawful for a non-citizen to carry a concealed handgun in Nebraska and fear arrest, prosecution, fine, and imprisonment.

14.     NFOA is an organization incorporated under the laws of Nebraska with its principal place of business in Syracuse, Nebraska.  The purposes of NFOA include education, political lobbying and legal action focusing on the Constitutional right privately to own and possess firearms in Nebraska.  NFOA brings this action on behalf of itself and its supporters, which include lawful resident aliens residing in Omaha, Nebraska.

15.     Members of NFOA who are legal residents yet non-citizens would carry loaded and functional concealed handguns in public for self-defense, but refrain from doing so because they understand it is impossible for a non-citizen to obtain a concealed carry permit, and thus it is unlawful for a non-citizen to carry a concealed handgun in Nebraska and fear arrest, prosecution, fine, and imprisonment.

16.     LAJOUS is a member of both SAF and NFOA.

### **DEFENDANTS**

17.     Defendant BRUNING is the Attorney General of the State of Nebraska, and, in his official capacity as such, is responsible for executing and administering the state of Nebraska's laws, customs, practices, and policies, including NRS § 69-2433(10).  In that capacity, BRUNING is presently enforcing the laws, customs, practices and policies complained of in this action, and is sued in his official capacity.

18.     Defendant SANKEY is the Superintendent of Law Enforcement and Public Safety with the Nebraska State Patrol.  In SANKEY's official capacity, he is

responsible for enforcing certain of Nebraska's laws, customs, practices, and policies, specifically including NRS § 69-2433(10).  In that capacity, SANKEY is presently enforcing the laws, customs, practices and policies complained of in this action.  Specifically, SANKEY is the authority charged with processing and issuing concealed carry permit applications in Nebraska.  He is sued in his official capacity.

## CONSTITUTIONAL PROVISIONS

19.   The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

20.   The Second Amendment "is fully applicable against the States."

*McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

## STATE LAW

21.   NRS § 69-2433 provides in pertinent part:

> An applicant [for a concealed carry permit] shall:
>
> . . .
>
> (10) Be a citizen of the United States . . .

22.   NRS § 28-1202 provides in pertinent part:

> (1)(a) Except as otherwise provided in this section, any person who carries a weapon or weapons concealed on or about his or her person, such as a handgun, a knife, brass or iron knuckles, or any other deadly weapon, commits the offense of carrying a concealed weapon.
>
> . . .

(3) Carrying a concealed weapon is a Class I misdemeanor.

(4) In the case of a second or subsequent conviction under this section, carrying a concealed weapon is a Class IV felony.

23.   NRS § 28-106(1) provides in relevant part:

For purposes of the Nebraska Criminal Code and any statute passed by the Legislature after the date of passage of the code, misdemeanors are divided into seven classes which are distinguished from one another by the following penalties which are authorized upon conviction:

. . .

Class I misdemeanor........ Maximum — not more than one year imprisonment, or one thousand dollars fine, or both.

24.   NRS § 28-105(1) provides in relevant part:

For purposes of the Nebraska Criminal Code and any statute passed by the Legislature after the date of passage of the code, felonies are divided into nine classes which are distinguished from one another by the following penalties which are authorized upon conviction:

. . .

Class IV felony……. Maximum — five years imprisonment, or ten thousand dollars fine, or both.

## COUNT I – VIOLATION OF EQUAL PROTECTION
## (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)

25.   Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26.     The citizenship requirements contained in NRS § 69-2433(10) and all other Nebraska statutory language, which restrict lawfully admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT II – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

27.     Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28.     The citizenship requirements contained in NRS § 69-2433(10), and all other Nebraska statutory language, which restrict lawfully admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, violate the Plaintiffs' individual right to possess a handgun as secured by the Second Amendment to the United States Constitution.

## COUNT III – FEDERAL PREEMPTION

29.     Paragraphs 1 through 28 are realleged and incorporated herein by reference.

30.     The federal government has, through its enumerated and implied constitutional powers, the exclusive authority over United States immigration policy.

31.     NRS § 69-2433(10) is an effort by the Defendants to regulate immigration by denying non-citizens their Second and Fourteenth Amendment

rights.  As such, NRS § 69-2433(10) is preempted by federal immigration law, is

unconstitutional, and is invalid.

## **FOR ALL COUNTS**

32.     Paragraphs 1 through 31 are realleged and incorporated herein by

reference.

33.     A controversy exists as to whether the citizenship requirements

contained in NRS § 69-2433(10) is unconstitutional.

34.     A declaration from this Court would settle this issue.

35.     A declaration would also serve a useful purpose in clarifying the legal

issues in dispute.

36.     The Plaintiffs seek a declaration that the citizenship requirements

contained in NRS § 69-2433(10) is unconstitutional.

37.     In the absence of an injunction, the citizenship requirements of NRS §

69-2433(10) would continue to be enforced and would prevent LAJOUS, and SAF's

and NFOA's lawfully admitted alien members residing in Nebraska, from (1)

successfully obtaining a concealed carry permit and/or (2) legally carrying a

handgun in a concealed manner that any otherwise-qualified citizens may possess

and carry concealed in public.

38.     The Plaintiffs would continue to suffer irreparable injury if the Court

does not issue an injunction.

39.     There is no adequate remedy at law because only a declaration and

injunction, as opposed to monetary damages, would allow LAJOUS, and SAF's and

NFOA's lawfully admitted alien members the opportunity to obtain a permit to carry a handgun in a concealed manner for self-defense.

WHEREFORE, Plaintiffs pray that this Honorable Court:

1.     Issue preliminary and permanent injunctions (a) enjoining Defendants Attorney General JON BRUNING and Nebraska State Patrol Superintendent DAVID SANKEY from enforcing the United States citizenship requirement of NRS § 69-2433(10) against the Plaintiffs and/or their members; and

2.     Enter the following:

(a)     A declaratory judgment that NRS § 69-2433(10), and all other Nebraska statutory language which restricts lawfully admitted aliens firearms rights and privileges based on citizenship, are null and void because they (1) violate the equal protection of the laws guaranteed by the Fourteenth Amendment to the United State Constitution; and (ii) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; and

(b)     Issue preliminary and permanent injunctions against the Defendants and their political subdivisions, including officers, agents, and employees thereof, from enforcement of NRS § 69-2433(10) and all other Nebraska statutory language, which restrict lawfully admitted aliens firearms rights and privileges based on citizenship.

-10-

3.     Award Plaintiffs' attorney's fees and costs pursuant to 42 U.S.C. §

1988.

4.     Grant such other and further relief, in law and equity, as the Court

deems just and proper.


Dated:  April 1, 2013              Respectfully submitted,


By: _____ /s/ Bernard Glaser _____
                 One of the Attorneys for Plaintiffs

Bernard Glaser, Esq. (#11521 (NE))
GLASER LAW
411 South 13th Street, Suite 327
Lincoln, NE 68508
(402) 435-4411
Bernieglaser@windstream.net

LEAD COUNSEL:
David G. Sigale, Esq. (Atty. ID# 6238103 (IL))
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
Tel:  630.452.4547
Fax:  630.596.4445
dsigale@sigalelaw.com
*Pro hac vice Admission Pending*


*Attorneys for Plaintiff*